**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 20 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 13-34448 |
| ) | |
| Kenneth Clair Incorvaia and ) | Chapter 7 |
| Stephanie Rebecca Incorvaia, ) | |
| ) | |
| Debtors. ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM OF DECISION AND ORDER

This case came before the court for a hearing on July 8, 2014 upon Debtors Kenneth Clair Incorvaia and Stephanie Rebecca Incorvaia's Motion for Approval of Legal Fees ("Motion") [Doc. # 27] and the Chapter 7 Trustee's ("Trustee") Objection to Motion for Approval of Legal Fees ("Objection") [Doc. # 30]. Attorney for Debtors appeared by telephone, while the Trustee appeared in person. After considering Debtors' Motion, the Trustee's Objection, and the arguments of counsel for the parties at the hearing held on the matter, for the following reasons, the court will deny the Motion for Approval of Legal Fees.

Attorney for Debtors, Paul H. Duggan, is petitioning the court for approval of legal fees totaling $396.00 that he incurred to recover wages garnished from the Debtors within the 90 days prior to the filing of the current bankruptcy case. Debtors filed their bankruptcy petition on October 24, 2013, and from October 28, 2013 through January 16, 2014, Attorney Duggan worked with the Debtors and obtained $3,102.54 in wages garnished during the 90 days prior to the filing of their bankruptcy petition. [Doc. # 27].

At the § 341 meeting held on December 12, 2013, the Trustee requested documents detailing the garnished funds. Subsequently, she requested the documents via email on December 30, 2013 and again via a fax sent to Debtors' attorney on March 24, 2014. [Doc. # 30, Exhibits A, B]. The Trustee did not receive the requested documents, and the court notes that in the invoice attached to Debtors' Motion, it shows that Debtors' counsel had consulted with Debtors regarding the garnished wages, and had received those funds seven days after the § 341 meeting. [Doc. # 27, Exhibit 1].

At the hearing on the Motion, Debtors' counsel suggested the approval of fees on a *quantum meruit* basis, while the Trustee objected, citing *Lamie v. United States*, a U.S. Supreme Court case that deals with the issue of the payment of debtor's attorney fees in Chapter 7 cases.

Section 330(a)(1) of the Bankruptcy Code generally governs "fees for services rendered by attorneys in connection with bankruptcy proceedings." *Lamie v. United States Trustee*, 540 U.S. 526, 529 (2004). Under §330(a)(1)(A), the bankruptcy court may award reasonable compensation to "a professional person employed under section 327..." as an allowable administrative expense of the estate pursuant to 11 U.S.C. §503(b)(2). The allowed professional fees of a trustee in a Chapter 7 case are administrative expenses that are generally entitled to priority over lower priority claims and general unsecured claims. *See,* 11 U.S.C. §§507(a)(1)(C) and 726(a)(1).

When necessary, the Bankruptcy Code permits a Chapter 7 trustee to employ professionals, including attorneys, provided that the attorney or other professional person is disinterested and holds no interest adverse to the estate. 11 U.S.C. §§327, 328 and 330. The *Lamie* court held that a debtor's attorney cannot be compensated under the Code, unless their employment has first been approved by the court. *Lamie v. United States Trustee,* 540 U.S. 526, 534, (2004)("A debtor's attorney not engaged as provided by 11 U.S.C. §327 is simply not included within the class of persons eligible for compensation."). In the case at hand, it is clear from the record and from the arguments set forth at the hearing on the Motion that the Trustee never sought court approval to employ Debtors' attorney under Section 327. Thus, under *Lamie*'s binding interpretation of the relevant Code provisions, Debtors' attorney cannot be compensated from estate funds for post-petition work in a Chapter 7 case.

Debtors' Attorney's *quantum meruit* argument seeks to obtain compensation on a different basis. However, the equitable theory of *quantum meruit* does not appear to provide a basis for awarding attorney fees in this Chapter 7 case because, generally, "the equitable remedy of quantum meruit is not available where the fees are barred by law under the [B]ankruptcy [Code and Bankruptcy] Rules." *Law Offices of Ivan*

*W. Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.)*, 40 F.3d 1059, 1063 (9th Cir.1994).

More specifically, in a South Carolina Chapter 7, *In re Copeland,* the debtor's attorney filed an application to be reimbursed for administrative expenses incurred while pursuing a claim under a class action settlement notice. The claim was listed in the debtor's petition. In January of 2011, less than one month after the filing of debtor's chapter 7 petition, the debtor received nearly $20,000 as a result of the settlement. The debtor's attorney was never retained by the Chapter 7 trustee in the case to represent the bankruptcy estate. At the hearing on the application for attorney fees, the *Copeland* trustee suggested an awarding of attorney fees based on *quantum meruit*. In denying the application for reimbursement, the court stated that following the filing of the petition, the Bankruptcy Code "controls with respect to any relationship between a professional, the debtor, and the bankruptcy estate. *Quantum meruit* cannot supplant the Bankruptcy Code's requirement for court approval of professional employment." *In re Copeland*, 2011 WL 2460852, 2011 Bankr. LEXIS 2452 (Bankr. D.S.C. 2011).

In a more recent published opinion, the *Carwile* decision follows *Copeland*'s holding. In discussing the attorney for the debtor's motion for attorney's fees under the doctrine of *quantum meruit*, the *Carwile* court held that "[t]he Bankruptcy Code and case law could not be more clear. An attorney not employed and approved by the court is not entitled to compensation." *In re Carwile,* 460 B.R. 464, 465 (Bankr. W.D. Ky. 2011). Judge Lloyd further clarified, in citing *In re Weibel*, 176 B.R. 209 (9th Cir. BAP 1994), that "the Bankruptcy Code does not provide for attorney's fee awards based on state law theories, such as *quantum meruit.*" *See, In re Carwile*, 460 B.R. 464, 465 (Bankr. W.D. Ky. 2011).

While different issues may arise when courts are dealing with pre-petition representation, or where the legal work is done during a Chapter 13 case[1], this is a pure post-filing Chapter 7 issue that is governed by *Lamie*. The claim for the return of funds as a preference only arose when the Chapter 7 case was filed.

Here, the Chapter 7 Trustee did not seek court approval to employ Attorney Duggan to assist with the administration of the bankruptcy estate. Therefore, pursuant to the *Lamie* decision, Debtors' counsel is not eligible to be compensated from the Chapter 7 estate for work done to obtain the wages garnished from the Debtors. Additionally, counsel's argument for compensation on a *quantum meruit* basis must be denied, as that equitable doctrine cannot supplant the Code's requirements for court approval of professional

---

[1]/ *See, In re Richendollar*, 2007 WL 1039065, 2007 Bankr. LEXIS 1188 (Bankr. N.D. Ohio March 31, 2007).

employment. *In re Carwile*, 460 B.R. 464, 465 (Bankr. W.D. Ky. 2011), *citing*, *In re Copeland*, 2011 WL 2460852, 2011 Bankr. LEXIS 2452 (Bankr. D.S.C. 2011).

Accordingly, for the reasons stated herein, Debtors' Motion for Approval of Legal Fees [Doc. # 27] be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**

###